Cowen, J.
By the Court, The testimony of Mr. Pruyn, the plaintiffs’ witness, may have been^open to some observation as to the manner in which the defendants claimed to hold ; but putting it in the strongest terms for them, it will not amount to proof that they ever claimed a legal title. He says in one part of his evidence that they claimed to be owners ; but this could have been no more than equitable owners, for he was quite explicit that they admitted the want of an actual lease, and only insisted that they were entitled to one, which was to be in fee. After such a relation was established between them and the owner, any thing which was proved or offered to be proved on their part, could not be understood as an advance towards the presumption of an actual title, even admitting that their landlord had been apprised of their claims, and the permanent improvements „ which they made. No matter how long their *possession, or that [ *536 ] of their father, nor how valuable their improvements; these they might make as safely upon an equitable as upon a legal right to the fee. The testimony of Mr. Pruyn was in no way questioned, so far as veracity was concerned •; and the judge was, therefore, right, on that alone, in taking it that the legal relation of landlord and tenant had been established. The claim, at the utmost, was but an equitable right subject to a rent; and in an action of ejectment, can not be regarded as more than the claim of a tenancy from year to year. Yet it took away all inference from permanent improve- *536 merits, and previous claims of title, acts of ownership, such as giving a mortgage, &c. no matter how long. The whole was irrelevant, and was, therefore, properly excluded.
But if this Avere not so, the defendants’ own evidence, given at the close of the case, estopped them. The plaintiff, Stephen Yan Rensselaer, had given them notice to quit, thus treating them as tenants from year to year : and to place the fact of that relation beyond all doubt^ they show that he had charged their ancestors for nineteen years rent, giving him a partial credit, they claiming under him. This alone would make them certainly nothing more than tenants from year to year, and even if Yan Rensselaer himself had admitted that they were entitled to a lease in perpetuity, it would not protect them at laiv-. Their remedy would be in equity’only. Admitting the judge to have been incorrect in his decisions on the shoAving of the plaintiffs, the defendants’ proof cured the error. In either view, the case was not open to the defence of adverse possession, and we think that in 'neither could the testimony offered have been made available to Avarrant the presumption of a legal title, for any greater term than from year to year.. That Avas gone, by the notice to quit.
The motion for a new trial must be denied.